IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICIA GREENFIELD,            )
                                )
                Plaintiff,      )
                                )
vs.                             )       Case No. 09-1173-WEB
                                )
MICHAEL J. ASTRUE,              )
Commissioner of                 )
Social Security,                )
                                )
                Defendant.      )
_____)


RECOMMENDATION AND REPORT


This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

   The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On December 23, 2008, administrative law judge (ALJ) Larry B. Parker issued his decision (R. at 15-26). Plaintiff alleges that she has been disabled since September 26, 2002 (R. at 15). Plaintiff is insured for disability insurance benefits through

4

September 30, 2008 (R. at 17). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since September 26, 2002, the alleged onset date of disability (R. at 17). At step two, the ALJ found that plaintiff has the following severe impairments: affective disorder, personality disorder, noninsulin dependent diabetes mellitus, obesity, hypertension, and torn medial meniscus, chondromalacia, and synovitis of the left knee status post arthroscopic repair (R. at 17). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19). After determining plaintiff's RFC (R. at 20), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 24). At step five, the ALJ found that plaintiff can perform other work that exists in significant numbers in the national economy (R. at 25-26). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 26).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

In his decision, the ALJ made the following RFC findings for the plaintiff:

> ...claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is able to understand, remember, and carry out simple one/two step tasks; can maintain concentration and attention for simple, repetitive work; can relate and interact with

5

> supervisors and coworkers; and can tolerate
> low stress work. She must avoid exposure to
> extreme cold and never climb ladders or
> scaffolds.

(R. at 20). At the hearing, the ALJ then provided the following hypothetical question to the vocational expert (VE):

> Q (by ALJ):...this person would have the
> following limitations. Lifting 20 pounds
> occasionally and 10 pounds frequently. Able
> to sit, stand, and walk six out of eight
> hours a day. Never on ladder, rope, or
> scaffold. Avoid concentrated exposure to
> extreme cold, vibration, and hazards
> especially heights. Non-exertionally this
> person would be limited to simple repetitive
> tasks, and with limited interpersonal
> contact, but I have no quantification of what
> limited interpersonal would mean. So limited
> contact with the public, and that would be a
> restriction.

(R. at 617-618).[1]

Plaintiff argues that the ALJ erred by failing to discuss how he reached his RFC findings (Doc. 12 at 11). Plaintiff further argues that the ALJ failed to point to any medical source or opinion to substantiate his RFC findings, particularly his

---

[1] When this case is remanded, the court would remind the Commissioner that testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision. <u>Bowers v. Astrue</u>, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008); <u>Norris v. Apfel</u>, 2000 WL 504882 at *5 (10th Cir. Apr. 28, 2000); <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991). The hypothetical question in this case is, in many particulars, much more specific and poses greater limitations than the RFC findings in the ALJ decision, which benefits the plaintiff, but the court is nonetheless concerned with the differences between the language of the RFC findings and the hypothetical question.

physical RFC findings (Doc. 12 at 11-13). According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. <u>See</u> <u>Southard v. Barnhart</u>, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. <u>Spicer v. Barnhart</u>, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss

7

the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

In making his mental RFC findings, the ALJ gave "significant weight" to the opinions of Dr. Jessop, a non-examining medical source who prepared a mental RFC assessment on January 9, 2007 (R. at 24, 317-321). The ALJ also concurred with the opinions expressed by Dr. Shapiro at the hearing (R. at 24),[2] who testified after reviewing the medical files. Dr. Shapiro testified regarding plaintiff's mental limitations (R. at 598-601). However, the ALJ did not cite to any medical evidence, medical opinion evidence or other evidence in support of his

---

[2]The ALJ decision refers to Dr. Alfred Jonas as the medical expert who testified at the hearing. The ALJ indicated that he concurred with the medical expert's opinion (R. at 24). However, the only medical expert who testified at the hearing was Irwin Shapiro (R. at 582, 592). No explanation is offered for the discrepancy in the names, and the discrepancy is not mentioned by either party in their briefs.

physical RFC findings.[3]

The ALJ discussed the mental RFC assessment prepared by Dr. Werder[4] on September 12, 2008. Dr. Werder found that plaintiff was moderately limited in: (1) the ability to understand, remember and carry out detailed instructions, and (2) the ability to maintain attention and concentration for extended periods. Dr. Werder also found that plaintiff was markedly limited in the ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (R. at 553-554). The ALJ also mentioned a September 9, 2008 physical RFC assessment by a nurse practitioner, Kimberly Wood, who opined that plaintiff can lift and/or carry less than 5 pounds, stand/walk for less than 1 hour in an 8 hour day, and sit for less than 1 hour in an 8 hour day (R. at 555-556).

The ALJ noted that the opinions by Dr. Werder and Ms. Wood cited to no medical testing or objective observations to support their conclusions regarding plaintiff's RFC. The ALJ found that their opinions conflicted with "the substantial evidence of record, documenting less severe limitations" (R. at 23). The ALJ

---

[3]Although Dr. Shapiro briefly discussed some of the medical records regarding plaintiff's physical impairments (R. at 592-594), he offered no opinions regarding plaintiff's physical limitations.

[4]The ALJ mistakenly referred to Dr. Werder as "Dr. Weber" (R. at 23).

9

concluded that the objective evidence in the record did not support the level of severity that Dr. Werder and Ms. Wood assigned (R. at 23).

SSR 96-8p requires the ALJ to provide a narrative discussion describing how the evidence supports his RFC findings. However, there is no discussion by the ALJ explaining the basis for his physical RFC findings, either as set out in his decision (R. at 20), or in his hypothetical question to the VE (R. at 617-618).

The record does contain a physical RFC assessment (Exhibit 12F) prepared by Ms. Long, a SDM (R. at 336-343).[5] Later in the record, Dr. Siemsen affirmed the physical RFC assessment by Ms. Long (R. at 380). Defendant argues that the ALJ's assessment of plaintiff's RFC is supported by the physical RFC assessment prepared by the SDM, but later approved by Dr. Siemsen (Doc. 17 at 29). However, neither the assessment by Ms. Long or its affirmance by Dr. Siemsen is mentioned by the ALJ.

An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d

---

[5]An SDM stands for a "Single Decision Maker." An SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources. Pickett v. Astrue, Case No. 09-1020-JTM (D. Kan. Nov. 25, 2009; Doc. 24 at 17-18); McGlothlin v. Astrue, Case No. 08-1117-WEB (D. Kan. Aug. 4, 2009; Doc. 17 at 7); Toon v. Astrue, Case No. 07-1369-MLB (D. Kan. March 17, 2009; Doc. 18 at 14-15); Ky v. Astrue, 2009 WL 68760 at *3 (D. Colo. Jan. 8, 2009); Bolton v. Astrue, 2008 WL 2038513 at *4 (M.D. Fla. May 12, 2008); Velasquez v. Astrue, 2008 WL 791950 at *3 (D. Colo. March 20, 2008).

1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). For this reason, the court will not speculate regarding what weight, if any, the ALJ gave to the opinions of an SDM (whose opinion is entitled to no weight as a medical opinion or to consideration as evidence from other non-medical sources), Dr. Siemsen, or both, or whether the ALJ decided not to rely on the opinions set forth in Exhibit 12F because it was authored by an SDM.[6]

Furthermore, if an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must provide a legally sufficient explanation for

---

[6] Although the ALJ made no reference to the state agency physical RFC assessment, the ALJ did discuss and expressly relied on the state agency mental RFC assessment prepared by Dr. Jessop (R. at 24, 317-319).

11

rejecting the opinion of a treating medical source (in this case, nurse practitioner Wood)[7] in favor of a non-examining medical source. See Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); SSR 06-03p, 2006 WL 2329939 at **5 (depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source).

Finally, the court would note that the assessment by the SDM included a limitation to occasional climbing of ramps/stairs (R. at 338); however, it was not included either in the ALJ's RFC findings or in his hypothetical question to the VE. Thus, neither the ALJ's RFC findings nor his hypothetical question match all of the opinions expressed in Exhibit 12F.

Contrary to the requirements of SSR 96-8p, the ALJ failed to indicate in his decision how the evidence supported his physical RFC findings. When an ALJ merely summarizes the facts, notes that he has considered all of the facts, and then announces his decision, there is nothing for the court to review. The ALJ's RFC findings are unreviewable because the court is unable to discern how the ALJ reached his decision. Kency v. Barnhart,

---

[7]The assessment by Ms. Wood states that the plaintiff is Ms. Wood's patient (R. at 555-556).

12

Case No. 03-1190-MLB (D. Kan. Nov. 16, 2004, Doc. 21 at 4-5, 8, 9). Therefore, this case shall be remanded in order for the ALJ to make RFC findings in accordance with SSR 96-8p.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 14 days after being served with a copy.

Dated at Wichita, Kansas, on April 26, 2010.

> s/Gerald B. Cohn
> GERALD B. COHN
> United States Magistrate Judge