IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

PATRICIA GREENFIELD, )
)
          Plaintiff, )
)
v. ) Case No. 09-1173-WEB
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
          Defendant. )

MEMORANDUM AND ORDER

Before the court is the review of the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter was referred to Magistrate Judge Cohn for a recommendation and report pursuant to Rule 72 (b), Federal Rules of Civil Procedure. Magistrate Judge Cohn recommended the decision of the Commissioner be reversed, and the case be remanded for further proceedings. (Doc. 19). The Defendant filed objections to the Recommendation and Report. The Defendant argues remand is not warranted because the Administrative Law Judge (ALJ) sufficiently cited to medical and other evidence in support of his RFC finding. Specifically, the Defendant argues that the ALJ did not improperly discredited the opinion of Kimberly Wood, a nurse practitioner, as she is not a treating medical source. The Defendant argues the ALJ was correct in concluding that Ms. Wood's opinion was inconsistent with other substantial evidence and not entitled to significant weight. Finally, the Defendant argues the ALJ's RFC findings are supported by various medical records and evidence.

1

The ALJ found that Dr. Weber and Nurse Wood appeared to have completed a fill-in-the-blank forms, with limited notes. The ALJ found they "failed to cite any medical testing results or objective observations to support his conclusions as to the claimant's residual functional capacity." A nurse practitioner is not an acceptable medical source. 20 C.F.R. § 416.913(a); 20 C.F.R. § 416.913(d). A nurse practitioner is "other source" evidence. Evidence of other sources may be used to "show the severity of your impairment(s) and how it affects your ability to work..." 20 C.F.R. § 416.913(d). The "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p. The ALJ found that the treating opinions from medical sources were well documented in the record and the conflicting opinion evidence of Nurse Wood's was not afforded significant weight.

The ALJ must evaluate every medical opinion in the record, and give weight to the opinion. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ discussed the treating notes and medical opinions of doctors throughout the opinion. However, the ALJ did not state in the opinion what evidence he relied on to make the RFC findings. Further, the ALJ did not review all the medical evidence in the record. The ALJ shall, pursuant to SSR 96-8p, state in the opinion the evidence that supports the decision.

Therefore it is ORDERED that the Recommendation and Report (Doc. 19) be adopted by the Court.

It is further ORDERED that the decision of the Commissioner be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further development in accordance with the standards set out in the Recommendation and Report.

2

The Clerk of the Court is directed to enter Judgment accordingly.

SO ORDERED this 27th day of May, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge